IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2020 MAR 10 PM 3: 25
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. CR419-107 |
| ) | |
| RONALD E. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 60), to which objections have been filed (Doc. 70). In the report and recommendation, the Magistrate Judge recommends that Defendant Ronald E. Williams' Motion to Suppress Evidence (Doc. 30), Motion to Suppress Identification (Doc. 31), Motion to Suppress Statements (Doc. 32), and Motion for Pretrial Determination of Statutory Maximum (Doc. 34) be denied. (Doc. 60 at 40.) After a careful de novo review of the record in this case, the Court overrules Defendant's objections and concurs with the report and recommendation. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Defendant's motions are **DENIED**.

In his objections, Defendant contends that his Motion to Suppress Evidence (Doc. 30) should be granted. (Doc. 70.) However, Defendant only asserts two novel arguments that are

not already addressed in the report and recommendation. The Court will address these arguments in turn.

First, Defendant argues that he was subjected to an illegal de facto arrest when, on January 4, 2019, officers handcuffed him and directed him to stand against a patrol car while the officers conducted their investigation. (Id. at 1-2.) In the report and recommendation, the Magistrate Judge determined that "[t]he fact that officers handcuffed [D]efendant and directed him to move from the immediate vicinity of the apartment to the patrol car did not convert" the investigatory stop pursuant to Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), into a de facto arrest. (Doc. 60 at 8.) To support this finding, the Magistrate Judge cited to United States v. Williams, 185 F. App'x 866 (11th Cir. 2006), for the proposition that "[i]n circumstances involving firearms, the Eleventh Circuit has recognized that even securing a suspect in a patrol car does not convert a Terry stop into an arrest." (Doc. 60 at 9.) Defendant contends that the Magistrate Judge's reliance on Williams is overly broad and that the factual circumstances in Williams are distinct from this case. (Doc. 70 at 3.) The Court disagrees.

In Williams, the defendant fired a shotgun outside of a residence. 185 F. App'x at 870. "[I]n order to maintain the safety of the officers, the public, and the ongoing

2

investigation, the officers secured [the defendant] for approximately one hour in the patrol car while they investigated." Id. The Eleventh Circuit found that the defendant's detention was reasonable and did not constitute a de facto arrest. Id. Although the Eleventh Circuit limited its holding "to the specific factual circumstances of this case," Defendant's circumstances are similar to the factual circumstances in Williams. Id. The officers in this case had reason to believe that Defendant discharged a gun outside of an apartment. Therefore, the fact that the officers handcuffed Defendant and moved him away from the apartment was reasonable to conduct their investigation and did not convert the Terry stop into an illegal de facto arrest.

Second, Defendant also argues that the officers exceeded the scope of Mr. Hezekiah Frazier's consent to search the apartment, and, therefore, any fruits of the search should be suppressed. (Doc. 70 at 7.) In the report and recommendation, the Magistrate Judge determined that "[Mr.] Frazier clearly indicated his consent to the search and his conduct, while he observed the officers searching the apartment, ratified that consent." (Doc. 60 at 27.) Defendant contends that, if Mr. Frazier gave consent, the consent was limited to Defendant's belongings that Mr. Frazier pointed out to the officers and the

3

search of the entire apartment exceeded that consent. (Id.) The Court disagrees.

Defendant relies on United States v. Gonzalez, 71 F.3d 819 (11th Cir. 1996), for the contention that "[t]he Government may not demonstrate consent from Mr. Frazier's failure to object after the expansive search had commenced." (Doc. 70 at 7.) However, in Gonzalez, officers followed the mother of the defendant inside the home as she walked inside to get water. Gonzalez, 71 F.3d at 823. From these circumstances, the Eleventh Circuit determined that "the government may not show consent to enter from the defendant's failure to object to entry." Id. at 830 (internal citations omitted).

Defendant's circumstances are distinct from those in Gonzalez. The Magistrate Judge did not find Mr. Frazier consented to the search based solely on his failure to object. Instead, the Magistrate Judge found that the officers reasonably relied on Mr. Frazier's body language and cooperation to determined that Mr. Frazier's consent was not limited. (Doc. 60 at 28.) For example, Mr. Frazier thanked officers for removing the gun from his home after the officers searched the apartment. (Id. at 25.) Accordingly, the officers reasonably relied on their understanding that Mr. Frazier gave his consent to search the entire apartment for a gun. (Doc. 60 at 28.) Because the

4

Court has overruled Defendant's objections, Defendant's Motion to Suppress Evidence (Doc. 30) is **DENIED**.

SO ORDERED this 10th day of March 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA